## RANKIN a. SACCHI.

*Supreme Court, First District; General Term, July*, 1863.

LIABILITY OF STOCKHOLDERS.—CONTRIBUTION.—PRIMARY AND CONTINGENT LIABILITY.—FORM OF JUDGMENT AND DOCKET.

A judgment against several defendants for separate sums, but providing that in case of the insolvency of any of such defendants the others shall be liable in fixed proportion, but not to exceed a certain sum final, is properly to be docketed as a judgment for the amount of the ultimate contingent liability.

Form of judgment against stockholders for primary and contingent liability, and for contribution.

Appeal from an order directing the correction of the docket of judgment.

This action was brought by Robert G. Rankin against Gustavus A. Sacchi, impleaded with Albert C. Ramsey, and many others.   The plaintiff, a creditor as well as a stockholder of "The Mexican Ocean Mail & Inland Company,"—a corporation formed under the act of 1852, entitled, "An Act for the Incorporation of Companies formed to Navigate the Ocean by Steamships, or Vessels using Caloric Engines" (*Laws of* 1852, ch. 228),—brought actions on his claims against the corporation, and obtained judgments against it, and thereupon issued executions against its property, which were returned unsatisfied.   He then, under the provisions of the above-mentioned act, brought the present action against the defendants, as stock-

holders, to enforce against them contributions for his said claims, in proportion to the amount of said claims accruing during the periods when they were stockholders, and in proportion to the number of shares of stock severally held by them during the same periods.

The action was referred to B. D. Silliman, Esq., as sole referee, who made his report assessing the amounts of contribution of the several defendants to the debt, and also assessing against each a corresponding fractional portion of the plaintiff's costs. The referee also decided that the plaintiff was entitled to judgment against the respective defendants for the respective amounts so assessed against them; and that in case either or any of said contributions to said debt and costs was or were not paid by the defendants so to contribute, or the same were not or could not be collected by execution against said several defendants, against whom they were severally assessed, or either of them, then that the appellant be allowed to collect by execution or otherwise, according to the practice of the court, such deficiency or deficiencies against the other defendants, not exceeding certain amounts prescribed as to each, and as to Gustavus A. Sacchi not exceeding $4,675.28. Judgment was perfected, accordingly, on the referee's report; and Mann & Rodman, the plaintiff's attorneys, docketed the judgment against the several defendants for the several amounts constituting their several ultimate liabilities, and not for the amounts of their primary contributions as assessed against them. Consequently, the docket against Sacchi was $4,675.28, instead of the primary assessment against him of $91.32.

A motion was made at chambers, before Mr. Justice Sutherland, on behalf of Sacchi, to cancel the docket against him, on the ground that it should have been for the amount of the primary contribution charged upon him of $91,32. The motion was granted, and the plaintiff appealed therefrom to the general term.

*William D. Booth,* for the appellant.

*Richard S. Emmet,* for the respondent.

By THE COURT.—SUTHERLAND, P. J.—The question in this case is not, whether a judgment might not have been framed and

entered on the report of the referee, which would have author-
ized a docket in the first instance against the defendants severally,
for the amount of their several ultimate liabilities as stockholders,
as found and reported by the referee; but the question is, wheth-
er the judgment which was framed and entered on the report
of the referee did authorize such docket in the first instance,
and without any further application to the court.

In making the order at special term appealed from, I was
mainly influenced by the consideration that the words of the
judgment are, "It is adjudged that the said plaintiff, Robert G.
Rankin, recover of the said defendants the amounts which it
was found and reported they ought severally to contribute in
the first instance to the payment of the plaintiff's debt and
costs," and that it was not anywhere in words adjudged that
the plaintiff recover of the defendants the several amounts of
their ultimate liability, as reported and found; and, as leave is
expressly given in the judgment for the plaintiff to apply at
any time for further directions, I supposed that the judgment
should have been docketed in the first instance only for the
amounts which the defendants were severally directed to con-
tribute in the first instance, and that it ought not to have been
docketed for the full amount of the ultimate liabilities, without
any further determination and order of the court. But I am
inclined to think this was an erroneous view of the judgment.
It is expressly adjudged, "That in case either or any of said
contributions to said debt and costs is or are not paid by the
parties defendants so to contribute as aforesaid, or the same is
not or cannot be collected by execution of said parties, or either
of them, that the plaintiff be and is allowed to collect by
execution or otherwise, according to the practice of the court,
said deficiency or deficiencies against the other defendants, &c."
This unqualified adjudication of the right to issue execution for
the deficiency or deficiencies involves or carries with it, I am
inclined to think, the right to docket the judgment for the full
amount of the ultimate liabilities of the several defendants as
reported and determined; particularly as in the judgment "the
equities are reserved of the defendants, from whom may be
collected an amount exceeding the respective amounts which
they are, as above specified, adjudged originally to contribute
to the said plaintiff's said claim."

I think the order appealed from should be reversed; but I come to this conclusion with some hesitation, and, considering the novelty of the question and the want of precedents, I think neither party should have costs on this appeal.

INGRAHAM, J., concurred.